UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| **VS.** | § |
| | §   **CRIMINAL NO. H-05-0492** |
| **THOI UC DO**, *et al.*, | § |
| | § |
| **Defendants.** | § |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Huy Tran Nguyen's motion to sever his trial from that of some or all of the other five Defendants, all of whom are alleged to have participated in a conspiracy to possess with the intent to distribute cocaine. Nguyen argues that Defendants' Asian ethnicities, similar surnames, and accented speech may cause Caucasian jurors to experience difficulty in distinguishing among Defendants and, therefore, erroneously to interpret evidence against one Defendant as incriminating another. Nguyen presented the expert testimony of a clinical psychologist, who stated that this risk of confusion and error occurs in every trial involving jurors whose races differ from that of a defendant but does not affect jurors who share a defendant's race. Nguyen argued that it is unlikely that the jurors empaneled in this case will share Defendants' race(s).[1]

The government argues, in response, that, when an indictment alleges a conspiracy, all of the alleged co-conspirators customarily are, and should be, tried together. The government further notes that the alleged conspiracy involved quite distinct acts by the various Defendants in two different states. Moreover, the attorneys

---

[1] It was suggested at the evidentiary hearing concerning this motion that not all Defendants share an ethnicity.

1

for Defendants are all Caucasian and should provide a ready means of differentiating between and among Defendants, even if Defendant Nguyen's theory is meritorious.

For these and other reasons, the Court cannot grant severance on the ground advocated by Nguyen. To do so would be to conclude that no criminal defendant in a trial involving more than one defendant of the same race or ethnicity is afforded a jury of his or her peers unless all of the jurors are of the defendant's race or ethnicity. Such a holding would contravene well-established and transparently correct decisions of the United States Supreme Court. *See, e.g.*, *Georgia v. McCollum*, 505 U.S. 42, 44 (1992) ("For more than a century, this Court consistently and repeatedly has reaffirmed that racial discrimination . . . in jury selection offends the Equal Protection Clause."). Accordingly, Nguyen's motion, Docket No. 137, must be and hereby is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 11th day of April, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**